## BLACK v. DE CAMP *et al.*

1. **Promissory Notes:** GIVEN FOR INDEMNITY: AMOUNT OF RECOVERY: PLEADING. The defendant D. and another entered into two written contracts, reciting in the aggregate a consideration of three thousand dollars, for the delivery to plaintiff of seventy-five Mexican ponies. They at the same time, with the other defendant as surety, executed the promissory notes sued on in this case, for the aggregate sum of three thousand dollars, in which it was recited that they were given as collateral security for the performance of the pony contracts. The plaintiff set up the notes and the pony contracts, and the failure to perform the latter and averred that he had actually paid three thousand dollars on the pony contracts, and that defendants orally agreed, after such failure, to pay the three thousand dollars named in the notes. The defendants answered, admitting the making of the pony contracts, and that the same had not been performed, and that the notes had not been paid, but denied every other averment of the petition. On these pleadings the court sustained a motion for judgment for the full amount of the notes. *Held* that this was error, because the notes were only given for indemnity, and plaintiff was entitled to recover upon them only the damages which he sustained by the failure to perform the pony contracts, which damage was not shown by the pleadings, since the averment that plaintiff had paid three thousand dollars for the ponies was denied.

2. ——: DEFENSE OF MATERIAL ALTERATION : JUDGMENT ON PLEADINGS. It was error to render judgment upon the pleadings in an action on a promissory note while an issue that the note had been materially altered by the insertion of the place of payment was undisposed of.

*Appeal from Marshall District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, SEPTEMBER 7, 1888.

THIS action is based upon two written instruments signed by the defendants, and by which the plaintiff claims the defendants are liable to pay to the plaintiff in the aggregate the sum of three thousand dollars. The defendants answered the petition, and, after numerous

amendments to the pleadings, the plaintiff, being of opinion that the answers were not a defense, but rather a confession of the cause of action, moved the court for judgment upon the pleadings for the full amount claimed. The court sustained the motion, whereupon the defendants asked leave to amend their answer, which was refused, and judgment was rendered for the plaintiff for the full amount. Defendants appeal.

*Scott & Clute* and *Brown & Carney*, for appellants.

*Haines & Lyman* and *Caswell & Meeker*, for appellee.

ROTHROCK, J.—The two written instruments upon which the action is based are alike so far as their binding

1. PROMISSORY notes: given for indemnity: amount of recovery: pleading.

obligation is involved, and one of them is in these words : "Marshalltown, Ia., January 6, 1886: On or before July 15, after date, for value received, we promise to pay to John S. Black, at Marshalltown, Iowa, one thousand dollars, with interest from date until paid, at the rate of ten per cent. per annum after due, payable annually, and reasonable attorney's fees if suit is instituted on this note. It is hereby agreed and understood that this note shall become null and void upon the delivery of twenty-five head of Texas ponies, as per contract bearing even date herewith, to John S. Black, it being understood that this note is given as collateral security for the faithful discharge of said contract. John W. Blackwood. E. De Camp. M. De Camp." In the original petition it was averred that no part of the contract had been performed by the defendants, and judgment was demanded for the full amount named in the instruments. The defendants answered the petition by admitting their signatures to the instruments, and averring that the same, when signed and delivered, did not fix a place of payment, and that afterwards the words "at Marshalltown," as the place of payment, were fraudulently inserted by the plaintiff, and that said alteration was material, and avoided the notes.

The answer denied all of the other averments of the petition. The plaintiff amended the petition by setting out the pony contracts, one of which is as follows: "Marshalltown, Iowa, January 6, 1886. This contract and agreement, entered into this day between John W. Blackwood and E. De Camp, of the first part, and John S. Black, of the second part, is to certify that the party of the first part, in consideration of the sum of two thousand dollars paid by said party of the second part, the receipt of which is hereby acknowledged, agrees to deliver to the party of the second part fifty head of Texas ponies, thirty head to be mares and twenty head to be geldings, to be from three to six years old, and from thirteen to fifteen hands high, and sound and smooth; colors to be black, bay, roan and gray, and said horses to be in good, healthy condition when delivered here. And said party of the first part agrees to deposit two thousand dollars in notes as collateral security. [Signed] John W. Blackwood and E. De Camp. John S. Black." The plaintiff afterwards again amended his petition at great length. It is not necessary to set out this amendment here. The substance of it was a repetition of the averments that the defendants failed to perform the contracts to deliver the ponies, and a claim that after such failure, by an unwritten contract, upon a valuable consideration, the defendants agreed to pay to the plaintiff the sums of money named in the written contracts upon which suit was brought. In this amendment it was averred that the consideration paid by plaintiff to defendants for the ponies was in fact three thousand dollars, as stated in said written instruments. In answer to this amendment the defendants in substance admitted the making of the contracts to deliver the ponies, and that the same had not been performed according to their terms, and that the notes given as collateral security had not been paid. And they denied every other averment of said amendment to the petition. Upon this state of the pleadings the plaintiff demanded judgment.

Counsel for the respective parties have argued the

case at length upon the rights of the parties under their written instruments. The plaintiff contends that, for a failure to deliver the ponies, the defendants became absolutely liable to pay the three thousand dollars, and interest and attorney's fees; or, rather, that these promissory notes, as counsel denominate them, are absolute obligations to pay the amounts named, which might have been discharged by delivering the ponies. There might be some ground for the claim made, if the defendants had, by their answer, admitted that the plaintiff had paid them three thousand dollars in money for the ponies, as averred in the amendment to the petition. But this averment was denied. However this may be, we think that all of these writings constitute part of the same contract or transaction. It will be observed that M. De Camp is one of the makers of the notes. He did not sign the contracts to deliver the ponies. He was a mere surety for his co-defendants for the faithful performance by them of the pony contracts. These notes, so called, were in the nature of indemnifying bonds to protect the plaintiff Black from loss by the failure of defendants to perform their contract. They do not recite that Black had paid the defendants three thousand dollars. They do state, however, that "they are given as collateral security for the faithful discharge of the contracts" to deliver the ponies. They thus import upon their face the extent of liability upon them, which is the lawful and proper damages for failure to deliver the ponies, based upon the value of the ponies, and not upon the sum named in the instruments.

Another reason why the motion for judgment should not have been sustained is that the plea of fraudulent, material alteration was not at any time withdrawn. It was in the record, and an issue in the case, and at no time disposed of, and we fail to discover how it could be met by a motion for judgment. We think it was an error to virtually hold that the defendants' answer was an admission of the cause of action and of the whole amount claimed. As we hold that the motion

2. —— : defense of material alteration : judgment on pleadings.

for judgment should not have been sustained, it is unnecessary to determine whether the defendants should have been permitted to amend their answer after the ruling of the court upon the motion.     REVERSED.